IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lavern Justin Reed, ) | Case No.: 3:24-cv-904-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland County; Charles M. Dulaney, ) | |
| Public Defender; and Byron Gibson, ) | |
| Solicitor, ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 27.) Plaintiff Lavern Justin Reed ("Plaintiff" or "Reed") filed an Amended Complaint alleging Richland County Public Defender Charles Dulaney ("Dulaney") and Richland County Solicitor Byron Gibson ("Gibson") violated his civil rights. Plaintiff alleges Dulaney provided him with ineffective assistance of counsel, and Gibson committed "barratry." (DE 18, p. 5.)

On March 27, 2024, the Court issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (DE 13.) The order further advised Plaintiff that he had until April 9, 2024, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings, or it would be recommended that Plaintiff's claims be dismissed without leave for further amendment. (*Id.* at 4.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed an Amended Complaint on April 15, 2024. (DE 18.) Plaintiff's Amended Complaint fails to correct the deficiencies and, like the original Complaint, fails to state a claim upon which relief can be granted.

The Report was issued on April 25, 2024, recommending that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. (DE 27.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 27) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Amended Complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 19, 2024

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.